IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 13 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-01712-BNB

JOHN GERALD TRUJILLO,

    Applicant,

v.

PAM PLOUGHE, Warden, CTCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

### ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant, John Gerald Trujillo, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado Territorial Correctional Facility. Mr. Trujillo initiated this action by submitting to the Court a *pro se* Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Trujillo is challenging the validity of his conviction and sentence in Case No. 00CR2531, in the Jefferson County District Court.

In an order filed on September 18, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. After receiving an extension of time, Respondents filed a Pre-

Answer Response on November 13, 2009. Mr. Trujillo filed a reply on November 30, 2009.

The Court must construe liberally the Amended Application filed by Mr. Trujillo because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Amended Application drawn in part and dismissed in part.

On June 8, 2001, Mr. Trujillo was convicted by a jury of first degree sexual assault, second degree kidnapping, attempted second degree murder, and related offenses. Pre-Answer Resp. Ex. A at p. 17. On July 23, 2001, the trial court sentenced Mr. Trujillo to 120 years in prison. *Id.*

Mr. Trujillo filed a direct appeal to the Colorado Court of Appeals (CCA), and the CCA affirmed the trial court on April 14, 2005. *See People v. Trujillo*, No. 01CA1673 (Colo. App. April 14, 2005) (unpublished opinion). The Colorado Supreme Court (CSC) denied certiorari review on October 17, 2005. Pre-Answer Resp. at Ex. F.

On March 14, 2006, Mr. Trujillo filed a motion for sentence reconsideration pursuant to Colo. R. Crim. P. 35(b). Pre-Answer Resp. Ex. A at p. 20. The trial court denied the motion on May 24, 2006. *Id.* Mr. Trujillo did not file an appeal.

While Mr. Trujillo's motion for sentence reconsideration was pending, he also filed a motion for postconviction relief pursuant to Colo. R. Crim. P. 35(c) on April 25, 2006. *Id.* The trial court denied the motion by order dated April 24, 2007. *Id.* at 21.

Mr. Trujillo did not receive the trial court's order, apparently due to a mailing error. Pre-Answer Resp. Ex. I at p. 3. After filing a petition for writ of mandamus in the CSC, Mr. Trujillo received late notice of the trial court's denial of the Rule 35(c) motion. Pre-Answer Resp. Ex. A at p. 22. Mr. Trujillo then filed an appeal of the Rule 35(c) motion to the CCA on August 1, 2007. *Id.* The CCA found good cause to allow Mr. Trujillo's untimely appeal, but ultimately affirmed the trial court. **See People v. Trujillo**, No. 07CA1456 (Colo. App. Sept. 18, 2008) (unpublished opinion). The CSC denied certiorari review on February 17, 2009. Pre-Answer Resp. at Ex. L.

Mr. Trujillo then filed the instant Application, which was received by the Court on July 20, 2009. Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Trujillo asserts two claims for relief, although the second claim contains ten sub-claims, labeled by Respondents as 2(a) through 2(j). Pre-Answer Resp. at p. 6-7. Respondents assert that sub-claims 2(d), 2(e), 2(g) and 2(j) are unexhausted. Respondents argue that the CCA resolved these claims on the independent and adequate ground of failure to properly present the claims on appeal. *Id.* at 10. Accordingly, Respondents assert that these claims are now procedurally barred. *Id.*

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. **See O'Sullivan v. Boerckel**, 526 U.S. 838 (1999); **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

3

satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." **Dever**, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. **Picard v. Connor**, 404 U.S. 270, 278 (1971); **see also Nichols v. Sullivan**, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," **Picard**, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. **See Duncan v. Henry**, 513 U.S. 364, 365-66 (1995) (per curiam).

Moreover, "[t]he exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental

4

miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Trujillo's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Upon review of the opening brief in Mr. Trujillo's Rule 35(c) appeal in state court and the Amended Application, the Court finds the following. In claim 2(d), Mr. Trujillo argues that his defense counsel failed to "employ an 'expert' medical/forensic witness to testify . . . such expert would have testified that the injuries to the 3 accusers were 'days' old, instead of 'hours' old, . . . ." Amended Application at 10. In claim 2(e), Mr. Trujillo asserts that defense counsel failed to present the expert testimony of Alice Shoemaker, Mr. Trujillo's counselor. Amended Application at 10. In presenting these claims to the CCA, Mr. Trujillo stated that "due to page limitations," he could not present the issues fully, and requested that the CCA conduct a "De Novo review of this Defendant's Rule 35(c) motion." Pre-Answer Resp. Ex. H at p. 19. Therefore, he only

summarily presented these issues without any supporting factual arguments or citation to legal authority. Accordingly, the CCA refused to address the merits of claims 2(d) and 2(e), on the grounds that "defendant merely lists these arguments without facts, argument, or authority . . . ." Pre-Answer Resp. Ex. J at P. 15 (citing **People v. Diefenderfer,** 784 P.2d 741, 752 (Colo. 1989) (appellant must describe specific errors and facts relevant to the errors)).

Based upon the above, the Court finds that Mr. Trujillo has procedurally defaulted claims 2(d) and 2(e). **See Rodriguez v. Zavaras**, 42 F.Supp.2d 1059, 1079 (D. Colo. 1999) (finding procedural default of a claim when the issues raised in a 35(c) motion failed to inform the court as to the grounds, supporting facts, and authorities therefor); Colo. App. R. 28(b)(4) ("The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on.").

In his reply, with respect to claims 2(d) and 2(e), Mr. Trujillo concedes that he was "unable to argue th[ese] issue[s], or cite authority," in his appeal to the CCA. Reply at 2. However, he argues that the CCA's enforcement of Colorado Appellate Rule 28(g), which imposes a 30-page limit on opening appellate briefs, prevented him from presenting these claims to the state court. *Id.* Mr. Trujillo asserts that if the CCA had granted his motion to file an opening brief in excess of thirty pages, he would have had adequate space to present all of his claims fully. *Id.* Therefore, he argues that cause exists to excuse the procedural default of claims 2(d) and 2(e).

The Court finds that, although enforcement of C. A. R. 28(g) limited the length of Mr. Trujillo's opening brief to thirty pages, it did not prevent him from presenting his claims. It only required him to concisely present his claims such that they would fit within 30 pages. *Pro se* litigants must adhere to procedural rules. *See, e.g., Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (finding that *pro se* litigants must follow the same procedural rules that govern other litigants); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same procedural rules as represented parties). Accordingly, the Court finds that the CCA's enforcement of C. A. R. 28(g) does not constitute cause. Mr. Trujillo, therefore, has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claims will result in a fundamental miscarriage of justice. Claims 2(d) and 2(e) are now procedurally barred from federal habeas review.

With respect to claim 2(g), Mr. Trujillo asserts that his defense counsel failed to impeach the credibility of the prosecution's witnesses during cross-examination. Amended Application at 11. He asserts that an effective cross-examination would have revealed "exaggeration, fabrication, and inconsistent statements," in addition to their drug addictions and felony convictions. *Id.* However, when Mr. Trujillo presented this claim to the CCA, he did so within the rubric of another claim that he titled, "Failure to investigate Defendant's claims, and failure to investigate prosecution's witnesses criminal histories." Pre-Answer Resp. Ex. H at p. 16. Mr. Trujillo's argument that defense counsel failed to cross-examine the prosecution's witnesses consisted of

approximately two sentences buried in a three-and-a-half page discussion of the defense counsel's failure to investigate. **See** *id.* at 16-20.

In evaluating this claim, the CCA only analyzed Mr. Trujillo's argument that defense counsel failed to investigate. Pre-Answer Resp. Ex. J at p. 13-14. Mr. Trujillo's failure to present this claim to the CCA in the same manner that he raises it here renders the claim unexhausted. **See Picard**, 404 U.S. at 276-77 (holding that habeas petitioner failed to fairly present federal claim to state court where, despite presenting all necessary facts, petitioner failed to assert specific argument that he later tried to raise in federal court); **see also Thomas v. Gibson**, 218 F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim was insufficient to exhaust his later, more specific federal habeas claim). Accordingly, the Court finds that claim 2(g) is unexhausted.

Moreover, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions. **See** Colo. R. Crim. P. 35(c)(3)(VI) and (VII). The exceptions are not applicable here. *Id.* Mr. Trujillo, therefore, has procedurally defaulted claim 2(g), in state court. He also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice. Claim 2(g) is procedurally barred from federal habeas review.

Finally, in claim 2(j), Mr. Trujillo asserts that defense counsel failed to call Agent Susanne Stephens and Agent James Greer of the Lakewood Police Department as

8

rebuttal witnesses to testify regarding Mr. Trujillo's lack of injuries. Amended Application at 12. Mr. Trujillo raised this claim nearly verbatim in the opening brief of his Rule 35(c) appeal to the CCA. Pre-Answer Resp. Ex. H at p. 9. Further, the CCA examined the merits of this claim. Pre-Answer Resp. Ex. J at p. 6-7. Accordingly, the Court disagrees with Respondents' argument that this claim is procedurally defaulted, and finds that claim 2(j) is exhausted.

Based on the above findings, the Court will dismiss Claims 2(d), 2(e) and 2(g) as procedurally barred. Claim One and the remaining subparts of Claim Two, including (a), (b), (c), (f), (h), (i) and (j), will be drawn to a district judge and to a magistrate judge for further consideration of the merits. Accordingly, it is

ORDERED that Claims 2(d), 2(e) and 2(g) are dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claim One and the remaining subparts of Claim Two, including (a), (b), (c), (f), (h), (i) and (j), shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 13th day of January, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   09-cv-01712-BNB

John Gerald Trujillo
Prisoner No. 109939
CTCF
PO Box 1010
Cañon City, CO 81215- 1010

John J. Fuerst
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/13/10

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk