**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 09-cv-01712-REB

JOHN GERALD TRUJILLO,

    Applicant,

v.

PAM PLOUGHE, Warden, CTCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**ORDER DENYING MOTION TO ALTER OR AMEND**

**Blackburn, J.**

The matter before the me is petitioner's **Motion to Alter or Amend Judgement** (sic) **Pursuant to Fed. Rule 59(e),** [50][1], that Applicant John Gerald Trujillo, a *pro se* prisoner litigant, filed on June 30, 2011. Mr. Trujillo seeks reconsideration of the order entered on June 17, 2011, dismissing the instant action. The Court must construe the Motion liberally because Mr. Trujillo is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

The Court denied the 28 U.S.C. § 2254 Application and dismissed the action for the most part on the merits. Two ineffective assistance of counsel claims, however, were dismissed as procedurally barred. The reasons for the dismissal on the merits are explained in detail in the June 17 Order of Dismissal. A litigant subject to an adverse

---

[1] "[#50]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The Motion was filed on June 30, 2011, within twenty-eight days of the final judgment in this action. The Court, therefore, will review the Motion as filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration include: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). On consideration of the Motion to Alter or Amend and the entire file, the Court concludes that Mr. Trujillo fails to demonstrate any reason why the Court should alter or amend the June 17 Order of Dismissal in this action. Nothing Mr. Trujillo asserts gives cause for reinstating this case.

Mr. Trujillo argues that he is entitled to an evidentiary hearing in this Court on his claims of ineffective assistance of counsel, because the facts of the case remain

"inadequately developed by both [d]efense counsel" and the "State's conclusions were mere speculation." Mot. to Alter at 2-3.

Mr. Trujillo presented one claim of ineffective assistance of counsel in this action. The ineffective assistance of trial counsel contained ten subparts. Even if the Court were to find that the evidentiary hearing limitations under § 2254(e)(2)[2] were applicable here, Mr. Trujillo only is entitled to an evidentiary hearing if "his allegations, if true, and if not contravened by the existing record, would entitle him to habeas relief." *See Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998). An evidentiary hearing is required to resolve conflicting evidence. *Anderson v. Attorney Gen. of State of Kansas*, 425 F.3d 853, 860 (10th Cir. 2005). The factual allegations to be considered at an evidentiary hearing must be "specific and particularized, not general and conclusory." *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir. 2001). Mr. Trujillo seeks a hearing to develop further evidence that he claims his counsel failed to do. He does not challenge

---

[2] § 2254(e)(2) reads as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
> (A)  the claim relies on–
> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

conflicting evidence. Even if the Court were to find an evidentiary hearing is required to develop evidence, Mr. Trujillo does not state with specificity or particularity what evidence should have been developed by counsel.

Nonetheless, an evidentiary hearing is unnecessary if the claim can be resolved on the record. See *Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003). Here, as succinctly set out by the Court in the June 17 Order of Dismissal, the record was sufficient to resolve all of Mr. Trujillo's ineffective assistance claims. The acts or omissions of counsel identified by Mr. Trujillo were not the result of unreasonable professional judgment, *Strickland v. Washington*, 466 U.S. 668, 690 (1984), and given the highly deferential review required by the Court there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, *id.* at 689. There is no reasonable probability that but for counsel's alleged errors the result of the proceeding would have been different. *Id.* at 694.

The Court, therefore, did not abuse its discretion in refusing to conduct an evidentiary hearing. *Anderson*, 425 F.3d at 860.

**THEREFORE, IT IS ORDERED** that petitioner's **Motion to Alter or Amend Judgment Pursuant to Federal Rule 59(e)** [#50] is **DENIED**,

Dated September 12, 2011, at Denver, Colorado.

**BY THE COURT:**

*(signature)*
Robert E. Blackbum
United States District Judge